SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ERIK M. SILBER (Cal. Bar No. 190534)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2231
     Facsimile: (213) 894-8513
     E-mail:    Erik.Silber@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>KEVIN DUC VU,<br><br>          Defendant. | No. CR 17CR00568-CAS<br><br>PLEA AGREEMENT FOR DEFENDANT <u>DEFENDANT KEVIN DUC VU</u> |

    1.    This constitutes the plea agreement between defendant Kevin Duc Vu ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form

attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with importing wildlife contrary to law in violation of 18 U.S.C. § 545.

    b. Not contest facts agreed to in this agreement.

    c. Abide by all agreements regarding sentencing contained in this agreement.

    d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

    g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

    h. Recommend that defendant receive a sentence of three years probation with the first 15 months served under house arrest with electronic monitoring.

### THE USAO'S OBLIGATIONS

3. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. Abide by all agreements regarding sentencing contained in this agreement.

      c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      d.   Recommend that defendant receive a sentence of three years probation with the first 15 months served under house arrest with electronic monitoring.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, importing wildlife contrary to law, in violation of 18 U.S.C. § 545, the following must be true: Defendant fraudulently or knowingly imported or brought into the United States merchandise contrary to law.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 545, is: 20 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the

3

offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On September 29, 2016, United States Customs and Border Protection intercepted a package that contained wildlife that was addressed from Vietnam and addressed to "Stephanie Hoang" at 9101 Jennrich Avenue, Westminster, California 92683. United States Fish and Wildlife Service ultimately examined the package and found that it contained seven Big headed turtles (Platystrnon megacephalum) and six Asian arowana fish (Scleropages formosus), both of which are protected under the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES") (listed in Appendix I), and can only be brought into the United States with an import permit from the United States, an export or re-export certificate from the country of origin, and a declaration filed with USFWS. The package also contained seven Four eyed turtles (Scalia sp.), six Asian box turtles (Couria mouhotii) and one Black Breasted turtle (Geomyda spengleri), all of which are protected under CITES Appendix II, and can only be brought into the United States with an export or re-export certificate from the country of origin and a declaration filed with USFWS.

5

Neither defendant, nor the seller of the wildlife, had obtained or filed any of the required documents. Instead, defendant had knowingly ordered these animals from overseas seller, knew that the animals were illegal to bring into the United States, and intended to smuggle them into the United States, which included hiding his role in the offense by using his wife's name "Stephanie Hoang" on the package and having the contents inaccurately described as "Aquarium Supplies" with a picture depicting that the shipment contained aquarium liquid filters.

Six of the turtles ultimately died as a result of defendant's efforts to bring them to the United States.

The intercepted package was not defendant's first wildlife that he had ordered from the same overseas supplier. Instead, on April 28, 2016, defendant had sent a wire transfer to the supplier for $6,600 for 16 Asian arowana that were to be divided into two shipments, concealed in the same way identified above. Fed Ex delivered the first package to defendant on May 4, 2016, and the second package to defendant on May 12, 2016. Defendant sold the fish between that date and the date USFWS agents executed a search warrant of his house on October 5, 2016.

Specifically, defendant operated on Facebook SolCal Flowerhorn, selling fish and turtles (Flowerhorn is a type of Asian fish). Had USFWS not intercepted the arowana and turtles on September 29, 2016, defendant would have sold those items as well.

On October 5, 2016, USFWS searched defendant's house pursuant to a warrant. During the search, agents found two live Black breasted turtles and four dead Asian arowana (the arowana were in the freezer).

6

Defendant sold Asian arowana for $1,900 each, so the 26 that defendant smuggled into the United States had a value of $49,400. Defendant sold Big headed turtles for $850, so the seven that defendant smuggled into the United States had a value of $5,950. Defendant sold Four eyed turtles for $650, so the seven that defendant smuggled into the United States had a value of $4,550. Defendant sold Asian box turtles for $750, so the six that defendant smuggled into the United States had a value of $4,500. Defendant sold Black breasted turtles for $2,000 a pair, so the three that defendant smuggled into the United States had a value of $3,000. In total, the value to defendant of his illegal wildlife was $67,400.

## CRIMINAL FORFEITURE

10. The Court will also order forfeiture of the property involving that count charged in the information, specifically the animals and aquarium supplies seized, pursuant to 18 U.S.C. § 982.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | USSG § 2Q2.1(a) |
| Pecuniary Gain/ Commercial Purpose | +2 | USSG § 2Q2.1(b)(1) |
| Value of More than $40,000 | +6 | USSG §§ 2Q2.2(b)(3), 2B1.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

     d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

     e.    The right to confront and cross-examine witnesses against defendant.

     f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

     g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

     h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 16 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release

1 | imposed by the Court, provided it is within the statutory maximum;
2 | and (e) any of the following conditions of probation or supervised
3 | release imposed by the Court: the conditions set forth in General
4 | Orders 318, 01-05, and/or 05-02 of this Court; the drug testing
5 | conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
6 | alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of three years probation with the first 15 months served under house arrest with electronic monitoring.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

1 speedy trial claim with respect to any such action, except to the
2 extent that such defenses existed as of the date of defendant's
3 signing this agreement.
4     c. Defendant agrees that: (i) any statements made by
5 defendant, under oath, at the guilty plea hearing (if such a hearing
6 occurred prior to the breach); (ii) the agreed to factual basis
7 statement in this agreement; and (iii) any evidence derived from such
8 statements, shall be admissible against defendant in any such action
9 against defendant, and defendant waives and gives up any claim under
10 the United States Constitution, any statute, Rule 410 of the Federal
11 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
12 Procedure, or any other federal rule, that the statements or any
13 evidence derived from the statements should be suppressed or are
14 inadmissible.

COURT AND PROBATION OFFICE NOT PARTIES

16     23. Defendant understands that the Court and the United States
17 Probation Office are not parties to this agreement and need not
18 accept any of the USAO's sentencing recommendations or the parties'
19 agreements to facts or sentencing factors.
20     24. Defendant understands that both defendant and the USAO are
21 free to: (a) supplement the facts by supplying relevant information
22 to the United States Probation Office and the Court, (b) correct any
23 and all factual misstatements relating to the Court's Sentencing
24 Guidelines calculations and determination of sentence, and (c) argue
25 on appeal and collateral review that the Court's Sentencing
26 Guidelines calculations and the sentence it chooses to impose are not
27 error, although each party agrees to maintain its view that the
28 calculations in paragraph 12 are consistent with the facts of this

case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

SANDRA R. BROWN
Acting United States Attorney

_____  9/8/17
ERIK M. SILBER           Date
Assistant United States Attorney

_____  08-25-2017
KEVIN DUC VU             Date
Defendant

_____  8/29/17
PATRICK M. CIOCCA        Date
Attorney for Defendant Kevin Vu

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those

14

contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     08-25-2017
KEVIN DUC VU                         Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Kevin Duc Vu's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     8/29/17
PATRICK M. CIOCCA                    Date
Attorney for Defendant Kevin Vu

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KEVIN DUC VU,<br><br>　　　　Defendant. | CR No. 17-<br><br><u>I N F O R M A T I O N</u><br><br>[18 U.S.C. § 545: Importing Wildlife Contrary to Law; 18 U.S.C. § 2(b): Causing an Act to be Done] |

　　The Acting United States Attorney charges:

[18 U.S.C. §§ 545, 2(b)]

　　On or about September 26, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant KEVIN DUC VU knowingly and fraudulently imported and brought, and willfully caused to be imported and brought, merchandise, namely, seven Big headed turtles (Platystrnon megacephalum), six Asian arowana fish (Scleropages formosus), seven Four eyed turtles (Scalia sp.), six Asian box turtles (Couria mouhotii) and one Black Breasted turtle (Geomyda spengleri), into the United States contrary to law, that is: (1) without reporting or declaring said fish and turtles to the

United States Fish and Wildlife Service, in violation of Title 50, Code of Federal Regulations, Section 14.61; and (2) without obtaining the necessary documents under the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"), in violation of the Endangered Species Act, Title 16, United States Code, Sections 1538(c) and 1540(b), and CITES, Title 50, Code of Federal Regulations, Sections 23.13(a) and 23.20(e).

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental and
Community Safety Crimes Section

MARK A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Environmental and
Community Safety Crimes Section

ERIK M. SILBER
Assistant United States Attorney
Environmental and Community
Safety Crimes Section

## CERTIFICATE OF SERVICE

I, **S. Zambrano**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT KEVIN DUC VU**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

**Patrick M. Ciocca**
5850 Commerce Blvd.
Suite C5
Rohnert Park, CA 94928

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **September 11, 2017**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

S. Zambrano
Legal Assistant