Law Office of Patrick M. Ciocca
Patrick Ciocca (SB #219418)
703 Second Street
Suite 357
Santa Rosa, CA 95404
(415) 265-4200 (voice)
(707) 938-1486 (facsimile)

Attorney for Defendant
**Kevin Duc Vu**

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>KEVIN DUC VU,<br><br>Defendant. | Case No.: 17 CR 00568-1<br><br>**AMENDED SENTENCING MEMORANDUM**<br><br>Date: February 5, 2018<br>Time: 2:00 p.m.<br>Dept.:<br>Judge: Snyder |

　　Defendant KEVIN DUC VU, by and through his attorney of record Patrick Ciocca, after review, hereby offers the following recommendation for the sentencing of Mr. Vu, pursuant to the plea agreement and the recommendation of probation.

**I. STATEMENT OF FACTS**

　　Mr. Vu, through his plea agreement which was entered into before indictment, has admitted responsibility for the crime with which he has entered a plea and awaits sentencing. He offers as his statement of facts the "Factual Basis" section of the plea agreement which is on file with this court as of

September 11, 2017 and is contained on pages 5, 6 and 7 of that plea agreement.

## II.  THE PLEA AGREEMENT

The Government agreed, in the plea agreement heretofore mentioned, to recommend the following sentence at sentencing, provided Mr. Vu followed through on all his obligations under the plea agreement: "…a two level reduction in the applicaple Sentencing Gudelines offense level, pursuant to U.S.S.G. Section 3E.1…and, if necessary, move for an additional one-level reduction if available under that section." (Plea Agreement, page 3)

The Plea agreement goes on to state that the Government wil recommend that the Court impose "a sentence of three years probation with the first 15 months served under house arrest with electronic monitoring." (Plea Agreement, Page 3)

At the date of filing this memorandum, the defense is not aware of Mr. Vu violating the plea agreement in any way, shape or form. It would appear that Mr. Vu is entitled to the recommendation agreed to by the Government pursuant to that agreement.

## III. PROBATION'S RECOMMENDATION

After having met with Mr. Vu and having discussed his past life, his conduct underlying this conviction, his family, his personal financial situation and myriad other topics, Probation

Officer Melinda Neusbaum recommended, among other (some standard) conditions that: (1) Mr. Vu be subject to a period of two years probation, (2) that he satisfactorily complete a period of 12 months of electronic home confinement, (3) that he not engage in the importation of wildlife without the express permission and oversight of Probation, and (4) that he pay a fine of $55,000. (Recommendation of Probation Officer Melinda Neusbaum, pages 1 and 2.)

## IV. FACTORS RELATED TO DEFENDANT

Mr. Vu would like to point out some important aspects of this case and his sentencing that he knows have been considered by Probation and the Government - and have already been presented to this Court - in evaluating his Sentencing Guidelines factors and his criminal history score but that nevertheless should be specifically pointed out to the Court and which effect the sentencing factors outlined 18 U.S.C. Section 3553(a).

### A. Mr. Vu's Lack of Any Prior Criminal Record

Mr. Vu comes before the court with a criminal history score of 1, which does reflect his lack of a criminal record. While there is little to add to this fact it is important to highlight this, understood in the context of other factors and considerations, in order for the Court to understand how this

case is a complete aberration from Mr. Vu's life and is unlikely in the extreme to be repeated in the future.

### B. Mr. Vu's Early Acceptance of Responsibility

Again, Mr. Vu's Sentencing Guideline's range does already reflect that he accepted at an early stage of these proceedings responsibility for his actions, thereby saving the Government a great amount of time and resources in prosecuting his case. It is fair to point out, however, that even in the realm of individuals taking early responsibility for their criminality, Mr. Vu stands out. He entered a plea pre-indictment, pre filing of a case. He admitted, immediately, his wrongdoing and has never waivered from taking responsibility for his actions.

### C. Pecuniary Gain

Mr. Vu has accepted that his sentence includes an enhancement factor in that his crime involved pecuniary gain. Under the letter of the law, this is correct and right. It is fair, however, to point out that Mr. Vu's participation in the activity which has led to his conviction arose out of a genuine and even commendable interest in and passion for wildlife which unfortunately led him into a world where the rarer the specimen, the better. (Probation went so far as to list this aspect of his crime as a factor in mitigation in their recommendation.)

It is also important to point out that, while Mr. Vu was involved in the sale of illegal wildlife there is no evidence

before this court that Mr. Vu ever truly "profited" from his activities in any substantial way. The defense suggests that an appropriate way to view Mr. Vu's activities would be those of an individual who was supporting an expensive habit by illegal activity.

## V. DEFENDANT'S REQUEST

Considering his early acceptance of responsibility and his total lack of a prior criminal record, and taking into consideration the recommendation of probation – which actually recommends a somewhat less strict sentence than does the plea agreement - it seems completely appropriate that Mr. Vu realize the benefit of his plea agreement.

The defense does wish to strongly advocate for one variance with probations recommendation and suggest that the recommended fine of $55,000 is excessive and should be significantly reduced by this Court.

Mr. Vu concedes that, under U.S.S.G. 5E1.2(d)(2) that he has the financial resources to pay a fine in this amount. However, it would not happen as easily as it might appear from his presentence investigation report, and would almost certainly result in Mr. Vu having to borrow against assets or break investment accounts which would result in fees and/or fines from the controlling institutions, thereby exacerbating the proposed fine for this offense.

Mr. Vu believes, given the sentencing factors as outlined in U.S.S.G. 5E1.2(d), that the interests of justice could certainly be achieved via the levy of a fine that is less than the statutory maximum. It would not lessen the deterrent effect, or in any way show disrespect to the law to allow for a lesser fine in this matter. Additionally, a lesser fine would still reflect the seriousness of the offense at hand. (U.S.S.G. 5E1.2(d)(1))

As Mr. Vu is currently unemployed and will not be likely to pursue work if on home confinement, this fine would, in fact, be a burden on his dependent family, regardless of the fact that, indeed, if levied, the fine will be paid. (U.S.S.G. 5E1.2(d)(3))

Moreover, and finally, pursuant to U.S.S.G. 5E1.2(d)(6), Mr. Vu has never before been fined for a similar offense. The singularity of this situation for Mr. Vu in his life and his commitment to never reoffending in the future should convince this court that a fine at the statutory maximum is not necessary to procure justice.

Respectfully submitted

January 18, 2018

Patrick Ciocca

Attorney for Defendant Kevin Vu